IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WEBSTER DENNIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1028-CV-W-NKL |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is Plaintiff Webster Dennis's ("Dennis") Motion for Summary Judgment [Doc. 10]. Dennis seeks judicial review of the Commissioner's denial of his request for supplemental security income benefits under Title XVI of the Social Security Act. Because the Court finds that the ALJ failed to sufficiently develop the record regarding Dennis's mental condition, the ALJ's decision will be reversed and this case will be remanded for further development of the record.

On June 25, 2004, following a hearing, the Administrative Law Judge ("ALJ") found that Dennis was not entitled to benefits under the Act. On September 24, 2004, the Appeals Council denied Dennis's request for review of the ALJ's decision. Therefore, the decision of the ALJ stands as the final decision of the Commissioner. Judicial review is appropriate because Dennis has exhausted his administrative remedies.

1

The only reliable evidence in the record regarding Dennis's mental condition is contained in his school records from 1958. Those records reveal that Dennis was a special education student who received an IQ score of only 68 on a Stanford-Binet test. (Tr. 117, 27.) The records also reveal that Dennis was "very slow in all subjects," and that he performed significantly below grade level. (Tr. 117.) Although he was promoted to the eighth grade, it was only "[b]ecause of his age and so many previous failures." (Tr. 117.)

Brushing aside these records, the ALJ concluded that Dennis's mental condition did not meet the criteria for any listing in the Listing of Impairments. In reaching this conclusion, the ALJ relied on Dennis's testimony regarding his ability to read, write, perform simple math, and make change. (Tr. 18.) The ALJ also relied on the fact that Dennis completed his own Social Security reports and questionnaires.

The ALJ's decision to discount Dennis's school records was error. Although the records are old, they are the only reliable indication in the record of Dennis's mental ability. "[A] person's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning." *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001) (citing *Branham v. Heckler*, 775 F.2d 1271, 1274 (4th Cir.1985)). Dennis's testimony regarding his ability to read, write, perform simple math, and make change is hardly evidence of an improvement in his mental abilities. Given that many a third grader would have given the same testimony about her own abilities,

2

Case 4:04-cv-01028-NKL   Document 22   Filed 07/06/05   Page 2 of 4

Dennis's testimony is not inconsistent with the presumption that his ability to function is severely impaired relative to the average adult worker.

Furthermore, the ALJ relied too heavily on the fact that Dennis completed social security forms.  To begin with, the forms themselves suggest that Dennis may have difficulty constructing coherent thoughts or completing coherent sentences.  (*See, e.g.*, Tr. 77, answer to Question H.)  In addition, the ALJ did not consider how difficult it may have been for Dennis to complete the forms to the extent that he did.  It appears that Dennis completed only about half of the Disability Report before having someone else complete the rest.  (Tr. 76-85.)

Without the benefit of competent medical evidence, the ALJ's conclusions regarding Dennis's mental abilities amounted to speculation.  Therefore, this case will be remanded for further development of the medical record.  Specifically, the ALJ is instructed to arrange for a licensed mental health practitioner to perform a comprehensive mental evaluation of Dennis.

Accordingly, for good cause shown, it is

ORDERED that the decision of the ALJ is REVERSED and the case is REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

<u>s/ Nanette K. Laughrey</u>  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>July 6, 2005</u>  
Kansas City, Missouri